IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERIC LAWSON,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-001 |
| | ) | |
| WACHOVIA MORTGAGE | ) | |
| CORPORATION; STEVE KENNEDY; | ) | |
| G. KENNEDY THOMPSON, | ) | |
| Chairman, President, and CEO of | ) | |
| Wachovia Mortgage Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is

---

[1] Although Charlotte Lawson is not listed as a plaintiff in the caption of Plaintiff's amended complaint, she is listed an additional plaintiff in the section for listing additional parties on the standard complaint form. (Doc. no. 5, p. 2). However, Ms. Lawson may not proceed as a plaintiff in this action because her signature does not appear on the complaint, and she has not submitted the $350.00 filing fee or a properly completed motion to proceed IFP. See Loc. R. 4.1.

frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(B)(i) & (ii)..

Accordingly, on February 6, 2007, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 3). Plaintiff has submitted an amended complaint, (doc. no. 5), and it is this document that the Court will now screen.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) G. Kennedy Thompson, Chairman, President, and CEO of Wachovia Mortgage Corporation; (2) Steve Kennedy, Loan Services Representative; and (3) Wachovia Mortgage Corporation ("WMC"). (Id. at 1, 4-5).

Plaintiff financed a home mortgage through WMC. (Id. at 3). Plaintiff avers that he was never behind on his mortgage payments between the dates of January 1, 2006, through September 6, 2006. (Id.). However, Plaintiff states that on September 6, 2006, he received a letter from Defendant Kennedy stating that $895.84 was due for a June and September mortgage payment,[2] and that if the payment was not received within thirty (30) days, WMC would foreclose Plaintiff's mortgage. (Id.).

After 30 days elapsed, and no payment was received, WMC hired Attorney David W. Adams to foreclose Plaintiff's mortgage. Plaintiff states that on November 24, 2006, he sent money orders totaling of $1,353.33 to WMC in an attempt to remedy the alleged mortgage

---

[2]It is unclear whether the letter stated that Plaintiff owed $895.84 total, or that this amount was due for both the September mortgage payment and the alleged missed payment from June.

2

payment deficiencies. WMC returned Plaintiff's money orders and directed him to contact Mr. Adams regarding the situation. Foreclosure proceedings were eventually completed, and Plaintiff's home was purchased at auction.

Plaintiff takes issue with the fact that the letter alleging that he missed the June 2006 mortgage payment arrived four (4) month after the alleged missed payment, and that WMC failed to offer a "workout plan" to remedy the situation. (Id.). Plaintiff states that his wife called WMC and attempted to negotiate a workout plan but, presumably, no such plan was ever offered. Plaintiff states that Defendants violated the mortgage agreement which allegedly states, in part, that WMC "shall not refuse to extend time for payment by borrower." (Id. at 4).

Although Plaintiff does not allege that Defendant Thompson was personally involved in the event, he claims that his irresponsible supervision and policies resulted in the erroneous decision to foreclose his mortgage. (Id. at 4). Plaintiff also alleges that certain unspecified federal equitable redemption and mortgage laws were violated. (Id.). Plaintiff seeks $50,000 actual damages, $50,000 punitive damages, and court costs. (Id.).

## II. DISCUSSION

### A. Alleged Statutory Violations

Plaintiff fails to state a claim upon which relief may be granted based upon his allegations that Defendants have violated federal equitable redemption and mortgage laws. Plaintiff's complaint does not identify any such laws or explain how Defendants' actions fall under these categories. Furthermore, the Court is unable to identify any violations of federal law based upon the facts in the record. As such, Plaintiff fails to state a claim upon which

3

relief may be granted based upon his allegations that Defendants' conduct violated federal equitable redemption and mortgage laws.

**B.     No Federal Jurisdiction based upon Breach of Contract Claim**

With regard to the alleged failure to comply with the terms of the mortgage agreement, Plaintiff has *arguably* presented a viable breach of contract claim under the laws of Georgia. Gordon v. South Central Farm Credit, ACA, 446 S.E.2d 514, 515 (1994) ("Under Georgia law, it is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." (citations and internal quotations omitted)). However, even though Plaintiff is, presumably, a citizen of Georgia, and he lists North Carolina addresses for Defendants, he does not seeks viable damages in excess of $75,000 such that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Plaintiff seeks $50,000 actual damages, $50,000 punitive damages, and court costs. However, with respect to a breach of contract action, punitive damages are prohibited "[u]nless otherwise provided by law." O.C.G.A. § 13-6-10. Plaintiff has not identified a violation of any duty owed to him by Defendants other than that arising under the terms of the mortgage agreement. See Wells v. New York Life Ins. Co., 392 S.E.2d 251, 252 (Ga. App. 1990) (holding that an action in tort cannot be maintained merely based upon the breach of a contract term). As such, Plaintiff's punitive damages claim fails. Therefore, because Plaintiff does not seek damages in excess of $75,000, the Court does not have diversity jurisdiction over Plaintiff's arguably viable breach of contract claim, and Plaintiff's

complaint fails to state a claim upon which relief may be granted based upon the alleged violations of the mortgage agreement.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS AND RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of March, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE